RECORD NO. 16-4808

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

COLIN HAWKINS,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

---

**OPENING BRIEF OF APPELLANT
COLIN HAWKINS**

---

Helen Eckert Phillips
PHILLIPS & THOMAS, PLLC
P.O. Box 517
Abingdon, Virginia 24212
(276) 258-5591 Telephone
hphillips@phillipsthomaslaw.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..........................................ii

A.  STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

B.  STATEMENT OF ISSUES PRESENTED FOR REVIEW...................1

C.  STATEMENT OF THE CASE......................................1

    I.   STATEMENT OF THE FACTS...............................2

D.  SUMMARY OF THE ARGUMENT....................................7

E.  ARGUMENT...................................................7

    I.   Standard of Review...................................7

    II.  Discussion of the Issues.............................9

        a.  The District Court abused its discretion in
            calculating the proper guideline sentencing
            range by considering a past conviction in which
            the Appellant was not represented by counsel.....9

        b.  The District Court abused its discretion when
            it sentenced the defendant to 48 months in
            prison, more than two times the amount of the
            upward end of the sentencing guideline range....12

F.  CONCLUSION STATING PRECISE RELIEF SOUGHT..................12

G.  CERTIFICATE OF COMPLIANCE................................13

H.  CERTIFICATE OF SERVICE...................................14

i

# TABLE OF AUTHORITIES

## CASES

Page

*Brown v. United States*,
  483 F.2d 116 (4 Cir. 1973).....................................10

*Gall v. United States*,
  128 S. Ct. 586 (2007)....................................8, 12

*Strader v. Troy*,
  517 F.2d 1263 (4th Cir. 1978)..............................10

*United States v. Abu Ali*,
  528 U.S. 261 (4th Cir. 2008)..........................7, 8, 9

*United States v. Booker*,
  543 F.3d 220 (4th Cir. 2005)................................7

*United States v. Carter*,
  564 F.3d 325 (4th Cir. 2009)................................7

*United States v. Hampton*,
  441 F.3d 284(4th Cir. 2006)................................9

*United States v. Spencer*,
  628 Fed. Appx. 867(4th Cir. 2015)......................9, 10

*United States v. Stevenson*,
  126 F.3d 662 (5th Cir. 1997)...............................5

*United States v. Stokes*,
  347 F.3d 103 (4th Cir. 2003) ..............................5

*United States v. Tucker*,
  404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972).......10

## STATUTES

18 U.S.C. § 876(c)..............................................1

18 U.S.C. § 3231...............................................1

18 U.S.C. § 3553(a)(1).........................................6

18 U.S.C. § 3553(a)(2)........................................7

18 U.S.C. § 3553(a)(2)(A).....................................7

18 U.S.C. § 3553(a)(2)(C).....................................7

28 U.S.C. § 1291..............................................1

**UNITED STATES SENTENCING GUIDELINES**

USSG § 2A6.1(b)(6).......................................3, 5, 12

A.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION:

This is an appeal from the final judgment of conviction and sentence from the United States District Court for the Western District of Virginia on December 2, 2016. The United States District Court for the Western District of Virginia was the court of original subject matter jurisdiction pursuant to 18 U.S.C. § 3231. A timely Notice of Appeal was filed on December 5, 2016. Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction of this appeal of a conviction for mailing a threatening letter in violation of 18 U.S.C.§ 876(c).

B. STATEMENT OF ISSUES PRESENTED FOR REVIEW:

I.   WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN CALCULATING THE PROPER GUIDELINE SENTENCING RANGE BY CONSIDERING A PAST CONVICTION IN WHICH THE APPELLANT WAS NOT REPRESENTED BY COUNSEL.

II.  WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE APPELLANT TO 48 MONTHS IN PRISON, MORE THAN TWO TIMES THE AMOUNT OF THE UPWARD END OF THE GUIDELINE RANGE.

C. STATEMENT OF THE CASE

The Appellant, Colin Hawkins, was indicted by the Grand Jury for the Western District of Virginia on April 11, 2016, on one count of mailing a threatening letter in violation of 18 U.S.C.§ 876(c). (12-13).[1] The District Court granted the Appellant's motion to represent himself at the jury trial on

---

[1] References are to the pages of the Joint Appendix filed contemporaneously with the Opening Brief of Appellant.

1

this charge, and the undersigned was directed to serve as stand by counsel. (16). The jury returned a verdict of guilty on October 27, 2016, and stand by counsel served as appointed counsel for the Appellant at the sentencing hearing on December 2, 2016. (8, 128-9).

A presentence investigation report was prepared and the Appellant filed objections to the report. (174-5). The District Court heard evidence and overruled the objections relevant to this appeal. (129-36). The District Court determined the guideline sentencing range was 15 to 21 months. (135). After hearing argument of counsel and the Appellant's allocution, the District Court sentenced the Appellant to a term of 48 months in prison. (147). A notice of appeal was filed on December 5, 2016. (158).

I.   STATEMENT OF THE FACTS

The Government produced evidence at trial that the Appellant wrote and mailed a threatening letter from a federal prison to his former criminal defense attorney. (179). The attorney who received this letter defended the Appellant in a case tried before the District Court in 2012. (184-5).

In paragraph 31 of the presentence investigation report the Appellant was assigned two criminal history points for a conviction in Baltimore City, Maryland in 2003. The report indicates the "defendant was represented by counsel." (182-3).

2

In paragraph 35 of the presentence investigation report the Appellant was assigned two criminal history points for a conviction in Baltimore City, Maryland in 2005. The report indicates the "defendant was represented by counsel." (183).

The Appellant was determined to have a criminal history score of 12 and a criminal history category of V. (185). His base offense level was 12 then he was given a four-point reduction pursuant to USSG §2A6.1(b)(6) because this offense involved a single instance evidencing little or no deliberation. There was only one letter mailed to defense counsel. (179).

The District Court called the probation officer to the witness stand at the sentencing hearing. She testified that the presentence investigation report was based on the one she prepared for the 2012 case. The Appellant objected to the same two convictions in that matter. She said she was able to determine in the paragraph 35 conviction the Appellant "was represented by counsel, but I could never make an exact determination as to paragraph 31." (130, lns. 18-9).

She tried to go back and look at the documentation she had from the 2012 case but "I didn't have time to sit back down and go through all of his prior criminal records to find where I had gotten that from." (131, lns. 3-5). She then referenced a rule in Maryland that "he was at least offered legal counsel at the time of his arrest that had been in place since 1967." (131,

lns. 15-17). The District Court asked if this implied that the fact he didn't have counsel on the conviction didn't mean he had been denied counsel. The probation officer agreed. (131).

The probation officer was sure, based on documentation showing the name of the attorney, that the Appellant had counsel on the paragraph 35 conviction. She could not be "100 percent for sure," that he had counsel, or had been offered counsel and he chose not to proceed with counsel, on the conviction referenced in paragraph 31 of her report. (133, ln. 15).

After further questioning from the District Court the probation officer said:

> When I wrote his record from the first time, I would have, I obviously had sat down and went through all of the records that Maryland had sent us, and when we typed the report we either say they waived counsel, that we don't know if they were represented by counsel, or if they were represented by counsel. So, I wouldn't have said he was represented by counsel if I hadn't gotten my hands on something at some point that said yes, he was represented by counsel.

(134, lns. 15-22).

The District Court overruled the objections to four points on the criminal history score because the Appellant did not have counsel on two convictions. This decision was based on the fact there was no evidence to contradict what the probation officer testified to regarding the documentation she must have had available when the presentence investigation report was prepared for the 2012 conviction. (135). Then the District Court held the

guideline sentencing range was 15 to 21 months based on a base offense level of eight and a criminal history category of V. (135).

Although it had not filed any objections or notice it would ask for a variance from the guideline sentencing range, the Government argued the four-point reduction pursuant to USSG §2A6.1(b)(6), should not apply based on *United States v. Stokes*, 347 F.3d 103, and *United States v. Stevenson*, 126 F.3d 662. (136). Furthermore, the Government argued the guidelines did not apply to this case anyway, and asked the Court to sentence the Appellant to the statutory maximum of five years in prison because it viewed this case as egregious. (137). The Government argued that the act of sending a threatening letter to appointed defense counsel was "a very serious offense." (137, ln. 17). Furthermore, the Government's position was a five-year sentence would deter other people from sending threats and it was necessary to punish a crime committed while the Appellant was in prison. (137-8).

Counsel asked the Appellant be sentenced at the low end of the guideline range. He had obtained a GED while in prison and every indication is he is very intelligent. His defense at trial was that he wrote the threatening letter while he was under the influence of alcohol while in a federal prison. Counsel argued

this indicated a serious substance abuse issue that should be addressed while the Appellant is incarcerated. (139).

The Appellant addressed the District Court before sentence was pronounced. He told the District Court "I've never during the whole trial denied the letter was written by me." (140 lns. 19-20). He pointed out he wrote the letter while intoxicated and it was only one isolated event. (140-1).

The District Court stated, "Mr. Hawkins, again, today, as argued at trial, contends he's, he was not guilty of the charge, but more importantly, relevant to these proceedings, that he is not a danger." (144 lns. 2-5). Then it decided a sentence above the guideline range was appropriate because the letter clearly wasn't written by someone who was intoxicated, the letter is evidence of his anti-social personality disorder, he showed no remorse, the lawyer who received the letter did nothing wrong to the Appellant, and the Appellant is "frankly just a mean person." (144-46, 146 ln. 2). Based on the need to protect the public and the seriousness of the offense, the District Court sentenced the Appellant to 48 months in prison. (147).

The statement of reasons reflects this variance was on motion of the Government. It indicates the District Court varied above the guideline range because the of lack of remorse, 18 U.S.C. §3553(a)(1); to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

for the offense, 18 U.S.C. §3553(a)(2)(A); to afford adequate deterrence to criminal conduct, 18 U.S.C. §3553(a)(2).(B); and, to protect the public from further crimes of the defendant, 18 U.S.C. §3553(a)(2)(C).(194).

D. <u>SUMMARY OF THE ARGUMENT</u>

The District Court's sentence variance over twice the amount of the high end of the sentencing guideline range was procedurally flawed because it was based on at least one prior criminal conviction wherein the Appellant did not have counsel and the District Court incorrectly stated the Appellant had maintained he was not guilty when the Appellant never denied sending the threatening letter; and, it was substantively unreasonable because this offense involved a single instance evidencing little or no deliberation.

E. <u>ARGUMENT</u>

I.   <u>Standard of Review:</u>

In *United States v. Booker*, the Supreme Court established that a defendant's sentence is reviewed for reasonableness. *See* 543 U.S. at 261. "As the Supreme Court recently made clear in [*Gall v. United States*], this means that 'all sentences--whether inside, just outside, or significantly outside the Guidelines range--[are reviewed] under a deferential abuse-of-discretion standard.'" *United States v. Abu Ali*, 528 F.3d 210, 260 (4th

Cir. Va. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 591).

This reasonableness review includes two components. A review of both procedural and substantive components of the defendant's sentence must satisfy the reasonableness standard. *See Gall,* 128 S. Ct. at 597. "We 'must first ensure that the district court committed no significant procedural error.' Such errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range."" *United States v. Abu Ali*, 528 F.3d 210, 260 (4th Cir. Va. 2008) (citing *Gall,* 128 S. Ct. at 597) "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir., 2009) (citing *Gall* at 51).

"[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range. Nonetheless, in conducting this reasonableness inquiry, 'the extent of the difference between a particular sentence and the

recommended Guidelines range is surely relevant' and may be considered." *Abu Ali* at 260 (citing *Gall*, 128 S. Ct. at 591).

"[W]hen considering a sentence's reasonableness, we 'review the district court's legal conclusions *de novo* and its factual findings for clear error.'" *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. Va. 2008) (citing *United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006).

II.  <u>Discussion of the Issues</u>

a. The District Court abused its discretion in calculating the proper guideline sentencing range by considering a past conviction in which the Appellant was not represented by counsel.

In this case, the Appellant's guidelines were incorrectly calculated because they considered at least one conviction in which the probation officer was not 100% sure he had legal counsel.[2]

"A sentence based on an improperly calculated guidelines range will be found unreasonable and vacated." *United States v. Abu Ali*. "When we find a procedural error at sentencing, we must consider whether the error was harmless." *United States v. Spencer*, 628 Fed. Appx. 867, 869-870 (4th Cir. Va. 2015). "A Guidelines error is considered harmless if we determine that (1)

---

[2] The Appellant's criminal history category would still be V if only one of those convictions was excluded, it would go from 12 to 10 criminal history points. If both convictions were excluded, it would go to 8 criminal history points for a criminal history category of IV.

the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Id.*

"*Tucker* holds that prior convictions obtained in violation of the accused's Sixth Amendment right to counsel may not be used to enhance punishment in a subsequent prosecution." *Strader v. Troy*, 517 F. 2d. 1263, 1266 (4th Cir. 1978) (citing *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)).

"If the record shows that [the Appellant] was not represented by counsel, or *if it is silent*, the state must prove that he waived his right to counsel." *Strader v. Troy*, (emphasis added). "Because waiver of counsel cannot be inferred from a silent record, [the Appellant's] prior convictions should be presumed to have been invalidly obtained unless there is affirmative evidence of either representation or a knowing waiver." *Id.* (citing *Brown v. United States*, 483 F.2d 116 (4 Cir. 1973).

The probation office did not conclusively establish that the Appellant was represented by counsel or validly waived his right to counsel in the previous conviction used to calculate his guideline range. In fact, it was the probation officer's testimony that she was unsure. At best, she indicated that the

10

Appellant had been offered counsel and he declined before the 2003 Maryland conviction, but she did not testify she had documentation for this assertion. Her testimony indicated she did not have time to look up this documentation before this sentencing event but she was sure she would not have included it in the 2012 presentence investigation if she had not seen this documentation then.

This erroneous inclusion of the conviction in paragraph 31 increased the Appellant's criminal history category from 10 to 12—still within Category V. In this case, the sentence of 48 months is over three times the low end of the calculated guideline range of 15 to 21 months. This is not a reasonable sentence given the facts of this case. There was only one threatening letter sent by the Appellant. One of the reasons the District Court announced for the upward departure was that the Appellant contended his was not guilty. However, the Appellant's exact words were, "I've never during the whole trial denied the letter was written by me." (140 lns. 19-20).

Since the District Court procedurally erred in considering the miscalculated guideline amount and selected a sentence based on a clearly erroneous fact, there was abuse of discretion in the way the guideline sentencing range was determined.

b. The District Court abused its discretion when it sentenced the defendant to 48 months in prison, more than two times the amount of the upward end of the sentencing guideline range.

The District Court plainly erred in sentencing Mr. Hawkins to forty-eight months, significantly above the guideline recommendation of fifteen to twenty-one months.

"In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall* at 47. "We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Id.* at 50.

The District Court's sentence of 48 months was a major departure from the recommended guideline amount of 15 to 21 months. Given the fact it was a conviction based on a single instance evidencing little or no deliberation, it was too much of a variance above the sentencing guideline range. This variance was clearly inconsistent with the four-level reduction of the base offense level provided for in USSG §2A6.1(b)(6).

F. <u>CONCLUSION STATING PRECISE RELIEF SOUGHT</u>

For the reasons set forth herein, the Appellant respectfully requests that this Honorable Court remand his case for resentencing.

Respectfully submitted,


/s/ Helen Eckert Phillips
Helen Eckert Phillips
PHILLIPS & THOMAS, PLLC
P.O. Box 517
Abingdon, Virginia 24212 p14.0-
(276) 258-5591 Telephone
hphillips@phillipsthomaslaw.com


G. <u>CERTIFICATE OF COMPLIANCE</u>

This brief has been prepared using Microsoft Word, Courier New 12-point type.

Exclusive of the table of contents; table of citations and statement with respect to oral argument, and the certificate of service, this brief contains 2,711 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work on line print-out.


_/s/ Helen Eckert Phillips
Helen Eckert Phillips


13

H. <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of February, 2017, the foregoing Opening Brief of the Appellant was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit via the Court's CM/ECF system which will notify all counsel of record of such filing.

/s/ Helen Eckert Phillips

Helen Eckert Phillips
